**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY ALEXANDER GRAVES-BEY, Plaintiff-Appellant, v. CITY AND COUNTY OF SAN FRANCISCO; et al., Defendants-Appellees. | No. 15-17271 D.C. No. 3:15-cv-04638-WHA MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Rodney Alexander Graves-Bey, a California state prisoner, appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations arising from his arrest, charge, conviction, and sentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we may affirm on any ground supported by the record, *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed Graves-Bey's claims for damages as *Heck*-barred because success on these claims would necessarily imply the invalidity of his conviction or sentence and Graves-Bey failed to allege facts demonstrating that his conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (the district court must dismiss a damages action, which, if successful, would necessarily imply the invalidity of a conviction, absent a showing that the conviction has been overturned).

The district court properly dismissed Graves-Bey's claims for injunctive relief because Graves-Bey failed to allege facts sufficient to show that he currently faces an immediate threat of irreparable injury. *See Gomez v. Vernon*, 255 F.3d 1118, 1128-29 (9th Cir. 2001) ("[I]njunctive relief is appropriate only when irreparable injury is threatened . . . a plaintiff must demonstrate a real or immediate threat that they will be wronged again" (citations and internal quotation marks omitted)).

Dismissal of Graves-Bey's request for a criminal investigation and

prosecution of defendants was proper because Graves-Bey lacks standing to compel the investigation or prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

We do not consider Graves-Bey's claims that defendants violated international law because Graves-Bey did not properly raise these claims before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**